Charles I. Berg, Respondent, *v.* Henry Parsons, Appellant.

*Principal and agent — independent contractor — diligence required of the principal in selecting a fit person — proof of the habits of the contractor, admissible — opinion of a witness — measure of damages for injury to real property.*

When a contractor takes entire control of a work, and the employer does not interfere therewith, and is not negligent in selecting the contractor, the employer is not liable to third parties for injuries resulting from the contractor's negligence.

The party who employs the contractor must employ a competent and fit person, and must exercise reasonable care in ascertaining the character and qualifications of the person whom he employs as contractor.

Where the evidence relative to the character and qualifications of a contractor is conflicting, and it does not appear that the employer made very exhaustive inquiries in the matter, the jury must determine whether the inquiries made were such as a man of reasonable prudence would make under the circumstances.

Proof may be given of the habits of a contractor for the purpose of showing that he was an unfit person, and also for the purpose of calling upon the employer to show that he had used such care and diligence in ascertaining the character and capacity of the proposed contractor as would absolve the employer from any charge of negligence in that regard.

A witness cannot testify to his belief that a contractor was capable of carrying out a contract and would use due care in so doing.

While the usual measure of damages, in the case of injuries done to real estate by carelessness in blasting, is the difference between the value of the premises uninjured and their value as injured, yet where the action is brought by the owner of an adjoining lot to recover for damages done to it caused by the careless blasting of a cellar on the defendant's lot, the plaintiff may recover such an amount as is a reasonable sum for putting his premises in the same condition in which they were before the accident.

APPEAL by the defendant, Henry Parsons, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 20th day of May, 1895, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office, bearing date the 9th day of May, 1895, denying the defendant's motion for a new trial made upon the minutes.

*Alexander Thain,* for the appellant.

*Charles W. Pierson,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover damages which the plaintiff claimed to have sustained by reason of the careless blasting done by a contractor employed by the defendant to blast out a cellar upon his premises which were adjacent to those of the plaintiff.

Upon the trial the plaintiff gave evidence tending to prove that the work was of a dangerous character, and that the contractor was not a suitable and competent person to perform such work. The defendant also gave evidence tending to prove that, being aware of

the dangerous character of the work, he had made inquiries such as a prudent person would make in regard to the capacity of the contractor and his carefulness in doing such work. There was evidence also given as to the amount which was paid by the plaintiff in repairing his premises after the injury, which amount was conceded to be a reasonable and fair sum for such repairs; but it was claimed that such expenditure was not the true measure of damage.

Upon the case being submitted to the jury, the jury found a verdict for the amount expended upon the repairs, and from the judgment thereupon entered, and from an order denying a motion for a new trial, this appeal is taken.

The rule seems to be well established that when any contractor or other special agent takes entire control of a work, the employer not interfering, and there being no negligence in the selection of the contractor, the employer is not liable to third parties for injuries to such parties caused by the contractor's negligence. It is also well established that the party employing the contractor must employ a competent and fit person for the purpose of performing the work; or at least must exercise reasonable care in ascertaining the character and qualifications of the person so employed.

In the case at bar there was evidence given tending to show that the defendant had made some inquiries in regard to the character and qualifications of the person he employed. But they certainly were not of a very exhaustive character, and there was a question left for the jury to determine as to whether they were such as a man of reasonable prudence would make under the circumstances. It was not by any means a question for the court to determine, because it would appear that there was some conflict of evidence upon this point, and different deductions might be drawn from the evidence which was offered. It is not necessary in the disposition of this appeal to rehearse the testimony upon this question. It is claimed to be essentially different from that which appeared upon the previous trial, but we think that inferences of the same character could be drawn therefrom, and that there is no material variation in the testimony which would authorize the court in taking that question from the jury.

Various exceptions were raised to the exclusion and admission of evidence, particularly in regard to the testimony as to the habits of

the contractor. We think that this evidence was competent for the purpose of showing that he was a person not to be trusted with work of this description, and for the purpose also of calling upon the defendant to show that he had used such care and diligence in ascertaining the character and capacity of his proposed contractor as would absolve him from the charge of negligence in that regard.

There was also an exception taken to the striking out of evidence in regard to the general reputation of this contractor in April, 1892, some months after the happening of the accident in question. It seems to be sufficient to dispose of this exception to say that the witness did not seem to be testifying as to any general reputation whatever; he was only testifying to his belief that the contractor was capable of carrying out the contract and would use due care in its execution.

In respect to the objection as to the measure of damages, although it is undoubtedly the rule that the difference in value between the premises injured and uninjured is the usual method of ascertaining the amount of damage, yet in the case at bar, there being no pretense that the premises were put in better condition by the repairs than they had been before the accident, and it being conceded that the amount paid was a reasonable sum to pay for putting them in the same condition in which they were before the accident, it does not appear that the defendant has suffered by reason of the application of the rule of damages adopted in this case.

We think that the judgment and order appealed from should be affirmed, with costs.

FOLLETT and O'BRIEN, JJ., concurred.

Judgment and order affirmed, with costs.